May it please the Court. Thomas Price for Kenneth Theodore Mattix. Mr. Mattix, Your Honors, was convicted of a crime that did not exist at the time charged. This case turns on whether or not the Sex Offender Registration and Notification Act had been created in September of 2010. It had not. SORNA's retroactivity provision was dependent upon the Attorney General's exercise of specifically delegated discretionary authority. Then-appointed Attorney General Alberto Gonzalez failed to create retroactivity because he bootstrapped an unconstitutional procedure into an interpretive rule. The government now wants to call that good. The procedure employed here can needs to be understood from the beginning of the interim rule that the Attorney General created. He created that rule specifically invoking the proper statutory provision, but he bypassed the APA. He simply created retroactivity. Following on the heels of that, he created the SMART Guidelines, specifically invoking the separate interpretive power he had, and said that retroactivity had already been provided by virtue of the interim rule and specifically cited to it. He went on to deal with some objections about retroactivity and said that this premise could not be accepted in the formulation of Guidelines whose objective was interpretation and implementation. In other words, the Attorney General said he was not going to second guess what the policy already embodied. The policy had already embodied an unconstitutional procedure. He incorporated that unconstitutional procedure into an interpretive rule. Retroactivity is not favored by the law. Congressional delegation of authority to create retroactivity is limited by an express grant by Congress. The standard is strict judicial oversight. It must be strictly followed. We're not talking about just any old rule here. We're talking about the creation of a retroactive criminal statute. Well, we might agree with you in principle, but we have authority in this circuit which would seem to hold otherwise. How about the Val Verde case? Well, the Val Verde case, we contend that that particular case, the language about the SMART Guidelines was not necessary to that opinion. It did not turn on that issue. It turned on the validity of the interim rule, and that was dicta. We would note that in the Stevenson case cited by the government from the Sixth Circuit, Stevenson had a parallel case which, from their circuit, that is very similar to Val Verde, which is Uditch. The Stevenson court said that Uditch and the language about the SMART Guidelines, excuse me, being the law, was dicta. It is similar, and it was not necessary to the opinion, and this Court can distinguish that. Are there any other cases in our circuit which have followed Val Verde? None on that, the precise issue that we are raising here, or on the issue of the SMART Guidelines and whether or not it is valid. One of the things that we raised are different from the Stevenson case. We have raised three different arguments as to why the SMART Guidelines is did not create retroactivity. First, that they violated the separation of powers. Congress specifically delegated to the attorney general the authority to create retroactivity. That was spelled out in a specific provision. By employing a means to do that, that did not follow what had been authorized, the Constitution was violated. Second, and this is the only thing we have in parallel to the arguments raised in Stevenson, we say that that same thing violates the APA. Third, there's a case from our circuit here called Safer, which shows that the attorney general failed to provide meaningful notice to interested parties, because the attorney general said that he was clarifying already existing law. In other words, the interim rule had already provided for retroactivity. It already existed. We've already done it. It's history. We're not going to second-guess it. Safer stands for the principle that that does not provide adequate notice under the Administrative Procedures Act. Safer was a case from Idaho where the EPA said that they were in the process of clarifying an already existing law that allowed for open-field burning. That's not what was happening. They were creating brand-new law, and that was inadequate notice. There are three cases from our circuit that are very important and different from what the Stevenson court had available in the Sixth Circuit. Those are Arrington, which stands for the principle that retroactivity cannot be created in an interpretive rule. Crabtree, which stands for the principle that strict judicial oversight is called for when evaluating if an agency is engaged in retroactive rulemaking. And finally, Safer, which illustrates that this kind of procedure does not provide adequate notice, we ask this Court to reverse Mr. Maddox's conviction, order that his case be dismissed with prejudice, and order immediately that this 82-year-old  Good morning, Your Honor. May it please the Court. Kelly Zusman appearing on behalf of the United States. Your Honor, the question here about the validity of the SMART Guidelines has been decided both by this Court in Val Verde and by the Sixth Circuit in Stevenson. This Court did, in fact, analyze the question, the broad question, of what is the operative date for the application of SORNA. It looked at several alternatives, including the Attorney General's interim rule issued in February of 2007. It looked at the notice for the SMART Guidelines, and it held very clearly that it was August 1st of 2008, the final date for the SMART Guidelines. It was operative. Now, the basic gist here of the appeal is that the Attorney General, although Congress conferred upon him the discretion to determine retroactivity, that he didn't do it the right way. But that has been rejected both by this Court and by the Sixth Circuit. What the statute says is the Attorney General must specify the applicability, and he did that. He also, in the SMART Guidelines, gave fair notice that retroactivity, which was a key, integral part of both the interpretation and implementation of SORNA, was being addressed by the SMART Guidelines. The SMART Guidelines cured the APA procedural problem that this Court identified in Val Verde. And I think there's no question that Mr. Val Verde understood, after that decision, that if he were to travel after August 1st of 2008 and fail to register, he would, in fact, be in violation of SORNA. I know of absolutely no authority to support, and neither has the defendant cited any authority to support the suggestion, that SORNA did not become effective until the final guideline was published in January of 2011. Every court in the country has looked to either that February 2007 guideline or the SMART Guidelines of August 2008. Because Mr. Maddox traveled in 2010, he failed to update his registration, he failed to register in Nevada, despite clearly having notice of his obligation to do so, because he had previously registered 16 times. He knew he had to register. He failed to register. And therefore, the indictment was proper. Judge Hagerty, I think, analyzed this very well, very comprehensively, and has given this Court everything it needs to affirm his decision with confidence. Unless the panel has questions, I would submit. Thank you. Rebuttal? Thank you, Your Honor. Just a couple of points. The Attorney General, when he created the infirm rule, he did so for the purpose of foreclosing debate on the issue of retroactivity. When he invoked his interpretive power, he cited that he had already provided for retroactivity. That is inadequate in this circuit to provide adequate notice to interested parties. Interested parties, when told, debate on this issue is foreclosed. Comment is foreclosed. We're not going to second-guess PACS's history. That is not what the APA provides, and we're talking here about a retroactive criminal statute that affects people's lives. Should agencies be allowed to create a retroactive criminal statute in a from this circuit, this is not the type of notice that the public is entitled to. Thank you. Thank you. Matter submitted. And come to the next item. Williams v. Astro.
judges: Marshall, Fletcher, Pregerson